**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

KAREEM J. SYLVESTER

       Petitioner,  :  Case No. 2:25-cv-00443

 - vs -          District Judge Algenon L. Marbley
             Magistrate Judge Michael R. Merz

 ANGELA STUFF, WARDEN,
 Noble Correctional Institution,

            :
       Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Kareem Sylvester under 28 U.S.C. § 2254 to obtain relief from his conviction in the Franklin County Court of Common Pleas for aggravated burglary and abduction (Petition, ECF No. 1). The case is ripe for a recommended decision on the Petition, the State Court Record (ECF No. 8), the Warden's Return of Writ (ECF No. 9) and Petitioner's Traverse (ECF No. 14). The Magistrate Judge reference of this case has recently been transferred to help balance the Magistrate Judge workload in the District (Order, ECF No. 17).

**Litigation History**

Petitioner was indicted by the Franklin County grand jury on August 13, 2020, on one count of aggravated burglary and one count of kidnapping, both felonies of the first degree (Indictment,

1

State Court Record, ECF No. 8, Ex. 1).  He initially pleaded not guilty, but on August 17, 2021, he changed his plea to guilty to aggravated burglary and to the amended charge of abduction, a felony of the third degree (Entry of Guilty Plea, State Court Record, ECF No. 8, Ex. 3).  On the line provided for the defendant's signature there appear instead the letters "T.D.C."; Petitioner's signature does not appear anywhere on the document, although it is signed by his attorney, the prosecutor, and the judge. *Id.* at PageID 18.   The Entry recites an agreed non-binding recommendation of a prison sentence of four years and nine months. *Id.* at PageID 16.

The trial court did not impose the recommended sentence, but instead a sentence of eight years on Count One and two years consecutive on Count Two (Judgment Entry, State Court Record, ECF No. 8. Ex. 4).

Represented by new counsel, Petitioner appealed to the Ohio Tenth District Court of Appeals, pleading five assignments of error, the first of which was that the trial court did not make the findings required under Ohio law for imposing consecutive sentences (Appellant's Brief, State Court Record, ECF No. 8, Ex. 6, PageID 25).

The Tenth District decided the First Assignment of Error as follows:

> {¶ 16} In his first assignment of error, appellant asserts the trial court erred in ordering him to serve consecutive sentences. We agree.
>
> {¶ 17} We begin our discussion by observing that pursuant to R.C. 2953.08(G)(2), an appellate court will reverse a trial court's sentencing decision "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. This court must "look to the

record to determine whether the sentencing court considered and properly applied the statutory guidelines and whether the sentence is otherwise contrary to law." *State v. Reeves*, 10th Dist. No. 14AP-856, 2015-Ohio-3251, ¶ 4.

{¶ 18} " 'Under Ohio law, absent an order requiring sentences to be served consecutively, terms of incarceration are to be served concurrently.' " *State v. Guy*, 10th Dist. No. 17AP-322, 2018-Ohio-4836, ¶ 56, quoting *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, ¶ 16, citing R.C. 2929.41(A). A trial court may, in its discretion, impose consecutive sentences for multiple prison terms pursuant to R.C. 2929.14(C)(4). *Id.* Before imposing consecutive sentences, the trial court must find that: (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) at least one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4). Thus, pursuant to R.C. 2929.14(C)(4), in order to impose consecutive terms of imprisonment, a trial court is required to make at least three distinct findings: (1) that consecutive sentences are necessary to protect the public from future crime *or* to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the subsections (a), (b) or (c) applies. *State v. Price*, 10th Dist. No. 13AP-1088, 2014-Ohio-4696, ¶ 31, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177.

{¶ 19} In *Bonnell*, the Supreme Court of Ohio held that a trial court seeking to impose consecutive sentences must make the findings required by R.C. 2929.14(C)(4) "at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *Bonnell* at syllabus. Nor is the trial court "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* at ¶ 37. "[A] word-for-word recitation of the language of the statute is not required," and "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 20} "In determining whether the trial court engaged in the correct analysis, an appellate court 'may liberally review the entirety of the sentencing transcript to discern whether the trial court made the requisite findings.' " *State v. Hairston*, 10th Dist. No. 17AP-416, 2017-Ohio-8719, ¶ 8, quoting *State v. Stephen*, 7th Dist. No. 14 BE 0037, 2016-Ohio-4803, ¶ 22. Furthermore, "once the trial court makes the factual findings required by R.C. 2929.14(C)(4), an appellate court may overturn the imposition of consecutive sentences only if it finds, clearly and convincingly, that the record does not support the sentencing court's findings or that the sentence is otherwise contrary to law." *State v. Hargrove*, 10th Dist. No. 15AP-102, 2015-Ohio-3125, ¶ 22.

{¶ 21} Here, the state concedes the trial court erred in imposing consecutive sentences without making the requisite findings under R.C. 2929.14(C)(4), and we agree that it was error to impose consecutive sentences on appellant in the absence of making these findings at the sentencing hearing. Furthermore, although appellant urges us to remand for a full de novo sentencing with instructions to give the sentence originally jointly recommended by the parties, we decline to do so for the following reasons.

{¶ 22} First, the record is clear that at the plea hearing the trial court admonished appellant that if he failed to appear for the sentencing hearing the trial court would not be inclined to follow the jointly recommended sentence. (Aug. 17, 2021 Tr. at 15.) The record is equally clear that when appellant was called on September 16, 2021 for his sentencing hearing, he was not present. (Sept. 16, 2021 Tr. at 2-3.) Although appellant eventually appeared, the fact remains he was not present when he was mandated to be so.

4

{¶ 23} Moreover, a trial court is "not bound by a jointly recommended sentence" in any event. *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 28. Accordingly, the trial court's ultimate sentencing decision was a matter within its discretion and does not establish bias or prejudice. *See In re Disqualification of Economus,* 74 Ohio St.3d 1230, 1231 (1991) (judge's refusal to accept plea agreement is not grounds for disqualification).

{¶ 24} Therefore, we further find the appropriate remedy in this case is a limited remand to address whether the findings under R.C. 2929.14(C)(4) support consecutive sentences and appellant's first assignment of error is sustained.

*State v. Sylvester,* 2022-Ohio-3798 (Ohio App. 10th Dist. Oct. 25, 2022). The remaining assignments of error were dismissed as moot and the case was "remanded for further proceedings consistent with this decision." *Id.* at ¶ 27.

On March 22, 2023, on remand the trial court the trial court imposed a sentence of eight years on the aggravated burglary charge and a concurrent two years on the abduction charge (Judgment Entry, State Court Record, ECF No. 8, Ex. 23). Petitioner appealed and, having obtained counsel, raised the following assignment of error: "The lower court failed to fully follow the instructions upon the remand of this case and still breached the contractual plea agreement." (Appellant's Brief, State Court Record, ECF No. 8, Ex. 35, PageID 370).

The Tenth District overruled the assignment of error, holding:

By limiting its actions on remand to resentencing appellant, and by doing so in accordance with R.C. 2929.41(A) and 2929.14(C)(3) and (4), the trial court fully complied with our remand instructions. *See* R.C. 2929.41(A) (Absent certain exceptions, "a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state.").

*State v. Sylvester*, 2024-Ohio-1041 ¶ 9 (Ohio App. 10th Dist. Mar. 21, 2024).

5

Regarding Petitioner's complaint that the trial court had not imposed the sentence recommended by his attorney and the prosecutor, the Tenth District held:

> {¶ 10} Appellant also complains the trial court failed to adopt the jointly recommended sentence included in his plea deal. This issue is barred by res judicata because appellant already litigated this question in his initial appeal to this court. *See*, *e.g.*, *State v. Braden,* 10th Dist. No. 17AP-321, 2018-Ohio-1807, ¶ 10 ("Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal."). Even if we could revisit the question, we would choose simply to repeat ourselves—" 'a trial court is not bound by a jointly recommended sentence.' " *Sylvester* at ¶ 23, quoting *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 28, 922 N.E.2d 923. Deviation from a jointly recommended sentence "does not establish bias or prejudice" because it is well within the defined authority of a trial court to determine criminal sentences. *Id.*, citing *In re Disqualification of Economous,* 74 Ohio St.3d 1230, 1231, 657 N.E.2d 1340 (1991). In the present case, even if res judicata did not bar appellant from raising this issue, this court would conclude the decision to deviate from the jointly recommended sentence was squarely within the trial court's discretion.

*Id.* Petitioner appealed to the Ohio Supreme Court, but that court declined to exercise jurisdiction.

*State v. Sylvester,* 171 Ohio St. 3d 1507 (2024).

Petitioner filed his Petition on February15, 2025, by placing it in the prison mailing system on that date (Petition, ECF No. 1, PageID 15), pleading the following grounds for relief:

> **Ground One**: Mr. Sylvester's right to effective counsel, due process, and equal protection, as guaranteed by the fifth, sixth and fourteenth amend. to the U.S. constitution were violated.

> **Supporting Facts**: Petitioner was convicted after the trial court used non-factual reasoning in determining that he breached the plea agreement which the court participated in acquiring and the court appointed lawyer failed to adequately advocate and present factual mitigating information to correct the record to the detriment of the petitioner due to the ineffective assistance, petitioner's due process rights were violated when the trial court and reviewing court allowed to resentencing on remand without affording petitioner the

6

opportunity to withdraw his plea and for the reviewing court to adjudicate all merits.

**Ground Two**: Mr. Sylvester's right to effective counsel, due process, and equal protection as guaranteed by the fifth, sixth and fourteenth amend. to the U.S. Constitution were violated.

**Supporting Facts**: Petitioner was denied the right to withdraw his plea before sentencing and resentencing when the court partially accepted part of the plea favoring the state and considering evidence to enhance the sentence that was outside the scope of the remand with no objection by petitioner's appointed counsel. Trial counsel further failed to provide competent representation and his performance fell below reasonable standards by failing to articulate the client's wishes and expressing that there was a conflict with the relationship with the client and not noticing that the petitioner signed the plea agreement under threat, duress, and coercion (t.d.c.).

**Ground Three**: Petitioner's right to due process, equal protection and effective counsel guaranteed by the 5th, 6th, 8th, and 14th amend. to the U.S. constitution were violated.

**Supporting Facts**: The sentence of the court violated petitioner's due process by unilaterally ignoring the spirit of the plea agreement and changing it. Sentence was tainted by 8th amend. error when the sentencing judge gave weight to an unconstitutionally included aggravating factor upon remand and initial sentencing.  The sentence was so far in excess of the agreed sentence as to amount to cruel and unusual punishment.

**Ground Four**: Petitioner's due process, equal protection, rights as guaranteed by the 5th, 6th, & 14th amend. to the U.S. constitution were violated.

**Supporting Facts**: The appellate court in affirming the decision of the trial court after appeal of the resentencing errors violated the petitioner's due process right by not addressing the issued presented on the merits then by applying the doctrine of *res judicata* to the issues that were not even addressed because the appellate court deemed these issues as "moot" and therefore could not have been barred by the doctrine of res judicata after not being visited at all. The process due to petitioner was also disturbed when the court on appeal recognized the inclusion of the supplemental assignments of error, which would have clarified the remand and allowed petitioner all rights afforded to be addressed and contractual/withdrawal to occur. [sic]

ECF 1, Petition, PageID: 5-10.

## Analysis

### Ground One:  Ineffective Assistance of Counsel; Denial of Due Process and Equal Protection

In his first Ground for Relief, Petitioner claims he suffered ineffective assistance of trial counsel when "the trial court used non-factual reasoning and [when] determining that he breached the plea agreement which the court participated in acquiring and the court appointed lawyer failed to adequately advocate and present factual mitigating information to correct the record."  Petitioner gives no record reference for any "non-factual" reasoning, nor does he say what his attorney should have done to correct the record.

The Magistrate Judge assumes Petitioner is referring to what happened on the day of sentencing, September 16, 2021.  When the case was called at 10:05 A.M., Petitioner was not present in court (Transcript, ECF No. 19-1, PageID 630).  His counsel indicated he told Petitioner that he needed to come into the courtroom and Petitioner then disappeared. *Id.* at PageID 631. During his interaction with counsel, Petitioner indicated he wanted to proceed *pro se*. *Id.* In response the prosecutor indicated she was withdrawing from the joint sentence recommendation. The trial judge indicated he had told Petitioner at the plea colloquy that he would feel no obligation on the joint recommendation if Petitioner did not appear[1] and was issuing a warrant for Petitioner's arrest.  *Id.* at PageID 632.  The proceedings then adjourned for half an hour until Petitioner showed up.

---

[1] The record reflects the court had spent an entire day seating a jury on the day before Petitioner decided to plead.

When Petitioner appeared, he said he was there for "divine special appearance" and refused to come to the defense counsel table. *Id.* at PageID 633.  When he persisted in his refusal, he was taken into custody. *Id.* at PageID 635.  Shortly thereafter the court proceeded to sentencing, heard a statement from the victim, and allowed Petitioner his right of allocution. Petitioner's motion to withdraw his guilty plea was denied on the record with the judge giving his reasons.

The governing standard for ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  See also *DeBruyn v. Douglas*, 168 F.4th 913 (6th Cir. 2026)  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

Petitioner has offered no proof of ineffective assistance of trial counsel.  His attorney negotiated a very favorable plea even after trial had started.  And then at the time of sentencing, he discharged his attorney.  He does not explain the due process and equal protection claims.

Petitioner's First Ground for Relief is also procedurally defaulted.  He pled four assignments of error on direct appeal.  The first was that the trial judge failed to follow Ohio law when he imposed consecutive sentences.  The Tenth District Court of Appeals accepted that

9

argument and reversed the lower court, remanding for re-sentencing.  It dismissed the other three grounds as moot, and Petitioner took no appeal to the Ohio Supreme Court from that ruling. Petitioner has offered no excusing cause and prejudice to excuse this default.

Accordingly, Ground One should be dismissed with prejudice for lack of merit and because it is procedurally defaulted.

**Ground Two:  Ineffective Assistance Of Trial Counsel; Due Process and Equal Protection**

In his Second Ground for Relief, Petitioner again claims ineffective assistance of trial counsel and denial of due process and equal protection.  He asserts he and his trial attorney had a conflict of interest because the attorney wanted more money at the time of sentencing.  There is nothing in the record to support that assertion.  Attorney Dodgion was present and ready to proceed with the sentencing hearing when Petitioner left the courtroom.  When he was next in the courtroom he confirmed his desire to discharge counsel and said nothing about a conflict of interest.  He accuses his attorney of not noticing that the signature line on the Entry of Plea has the letters T.D.C. in lieu of a signature.  How was the attorney supposed to understand that those letters meant the Entry was signed under "Threat, Duress, Coercion"?  During the later hearing on the motion to withdraw, Petitioner never claimed he signed under threat, duress, and coercion.  The trial judge conducted a thorough plea colloquy before accepting the plea and a hearing at which he was considering Petitioner's motion to withdraw, but Petitioner never said anything about being threatened or coerced into pleading guilty.

There is no constitutional right, under the Fourteenth or any other Amendment, to withdraw a guilty plea which has been entered knowingly, intelligently, and voluntarily.  Petitioner presents no authority for such a right.  Nor does he explain how he was threatened or coerced.  He was

10

facing trial on two first degree felonies and the state was prepared to proceed with the testimony of the victim.  It would not be surprising that Petitioner felt the time pressure of the trial and the threat of being sentenced on two first degree felonies when, after jury was seated, he agreed to plead.  But that is the situation of every defendant faced with a strong case.

Petitioner's Ground Two lacks merit and is also procedurally defaulted for the same reasons as Ground One.  It should also be dismissed.

**Ground Three:  Ineffective Assistance Of Trial Counsel, Due Process And Equal Protection**

In his Third Ground for Relief, Petitioner cites the same constitutional provisions as before, but with different supporting facts.

Ironically, having sought to have the plea set aside because it was "T.D.C.", Petitioner now wants to enforce it.

Plea agreements are contractual in nature and are therefore interpreted and enforced in accordance with traditional contract law principles.  *United States v. Lukse*, 286 F.3d 906, 909 (6th Cir. 2002).  A court must give effect to the intent of the parties as expressed by the plain language of the plea agreement.  *United States v. Beals*, 698 F. 3d 248, 256 (6th Cir. 2012).  The plain language of the plea agreement says that defense counsel and the prosecutor will jointly recommend a particular sentence.  During the plea colloquy, the trial judge expressly said that while he usually follows those recommendations, he was under no obligation to do so.  The Tenth District confirmed this state of Ohio law on appeal.

Petitioner also gives no indication of what supposedly unconstitutional factor the judge considered in resentencing.  He also points to no place where he raised an Eighth Amendment

claim before coming to this Court, so that claim is procedurally defaulted.

But that claim also has no merit. The Eighth Amendment's Cruel and Unusual Clause prohibits only sentences which are grossly disproportional to the crime involved. *Harmelin v. Michigan,* 501 U.S. 957, 997-998 (1991). The Sixth Circuit "adheres to the 'narrow proportionality principle' for evaluating Eighth Amendment claims articulated in *Harmelin*." *United States v. Young,* 847 F.3d 328 (6th Cir. 2017), citing *United States v. Graham*, 622 F.3d 445, 452 (6th Cir. 2010); *United States v. Hill*, 30 F.3d 48, 50-51 (6th Cir. 1994). The brutal attack on the victim described in the State Court Record shows a crime to which Petitioner's sentence is in no way disproportionate.

**GROUND FOUR:  *RES JUDICATA***

In his Fourth Ground for Relief, Petitioner asserts his constitutional rights were violated when on his second direct appeal, the Tenth District held that the claim he had raised in the first appeal-- that the trial court had not followed the parties joint recommendation on sentence -- been raised and decided against him in the first appeal.

When Petitioner appealed from the sentence on remand, he raised one assignment of error: "The lower court failed to fully follow the instructions upon the remand of this case and still breached the contractual plea agreement." (Appellant's Brief, State Court Record, ECF No. 8, Ex. 35, PageID 370). The Tenth District held that the lower court had obeyed the remand order.

Petitioner raised on appeal the failure of the trial court to follow the recommendation of the parties on sentencing. The Tenth District held that claim was barred by *res judicata*. *State v. Sylvester*, 2024-Ohio-1041 ¶ 10 (Ohio App. 10th Dist. Mar. 21, 2024). There is no federal

12

constitutional requirement that a State disregard its established *res judicata* doctrine. Therefore Petitioner's Ground Four fails to state a claim upon which habeas corpus relief can be granted.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 30, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

13